**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30061 |
| Plaintiff-Appellee, | D.C. No. CR-08-38-M-DWM |
| v. | |
| DONALD JOSEPH SCHWINDT, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
David W. Molloy, District Judge, Presiding

Submitted May 4, 2010 [**]
Seattle, Washington

Before: WARDLAW  and GOULD, Circuit Judges, and MILLS, [***] District Judge.

Donald Joseph Schwindt appeals his conviction and sentence for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Schwindt asserts that 18 U.S.C. § 922(g)(1) is unconstitutional in the wake of *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008). However, the Supreme Court stated in *Heller* that its ruling did not alter the longstanding prohibitions on possession of firearms by felons. *See id.* at 2816-17. Furthermore, we recently held that *Heller* did not affect the constitutionality of 18 U.S.C. § 922(g)(1). *See United States v. Vongxay*, 594 F.3d 1111, 1114-18 (9th Cir. 2010). Therefore, 18 U.S.C. § 922(g)(1) is not unconstitutional on its face.

Schwindt also argues that the statute is unconstitutional because it is applied irregularly. The statute relies upon state felony convictions, and the states classify felony offenses differently. However, this argument was also rejected in *Vongxay*. 594 F.3d at 1118-19.

The district court did not commit error in finding that Schwindt was subject to a base offense level of 20 because he illegally possessed a firearm after a felony conviction for "a crime of violence." *See* U.S.S.G. § 2K2.1(a)(4)(A). For the conviction to be counted, it must have either been imposed within fifteen years of the instant offense or resulted in a term of imprisonment that extended into the fifteen year period. *See* U.S.S.G. § 4A1.2(e)(1). The relevant dispute at

2

sentencing was whether Schwindt discharged an Oregon burglary sentence in 1992 or 1996. Documents from the State of Oregon gave conflicting dates.

The district court heard testimony from the probation officer regarding the discrepancies, which included information obtained by telephone from Oregon Department of Corrections personnel. Hearsay testimony may be considered by the sentencing court, as long as the information has sufficient indicia of reliability to support its probable accuracy. *See* U.S.S.G. § 6A1.3(a). The testimony of the probation officer was sufficiently reliable.

Relying upon the testimony of the probation officer and the documents submitted, the district court made a factual finding that Schwindt discharged his burglary sentence in 1996. Although Schwindt disagrees with the court's final determination, he cannot show that the court committed clear error in making its finding. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005).

Schwindt next argues that the district court erred by enhancing his sentence for obstruction of justice, and by finding him ineligible for an acceptance of responsibility reduction. Schwindt escaped from custody less than a week before his sentencing hearing, and the Probation Office added an addendum to the presentence report (PSR) discussing the escape.

Schwindt objected to the PSR addendum, generally denying that he escaped. Schwindt alleges that the district court simply adopted the findings of the PSR, without forcing the government to present evidence of the escape. The government bears the burden of proving facts at sentencing that will enhance a sentence, and the finding must be shown by a preponderance of the evidence. *See United States v. Burnett*, 16 F.3d 358, 361 (9th Cir. 1994).

The district court recounted that it was immediately notified of Schwindt's escape by the United States Marshals Service, and the district court related the details of the escape. Schwindt's trial counsel was given the opportunity to rebut the information, but again asserted a blanket objection to the allegation of escape. The information regarding the escape conveyed to the district court by the Marshals Service had sufficient indicia of reliability to support its probable accuracy. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001), U.S.S.G. § 6A1.3(a). Therefore, the district court did not err in finding that Schwindt escaped.

In any event, even if the district court erred in not taking evidence, any error was harmless. *See United States v. Beng-Salazar*, 452 F.3d 1088, 1095-96 (9th Cir. 2006). Against the advice of counsel, Schwindt admitted to the escape during allocution and apologized to the district court for his actions. Therefore, the

4

district court did not err in imposing an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.

Nor did the district court err in denying adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Except in extraordinary circumstances, an enhancement for obstruction of justice is inconsistent with a finding of acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n. 4. Schwindt fails to demonstrate any extraordinary circumstances that would permit the three-level reduction for acceptance of responsibility.

**AFFIRMED.**